731 A.2d 111

CARMINE FORGIONE & SONS, INC., PLAINTIFF–RESPONDENT, v. TOWNSHIP OF BERNARDS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 15, 1999—Decided June 29, 1999.

Before Judges LONG, KESTIN and WEFING.

*Mauro, Savo, Camerino & Grant,* attorneys for appellant (*John P. Belardo,* on the brief).

*Rich & Friedman,* attorneys for respondent (*Marc J. Friedman,* of counsel and on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

The Township of Bernards (Township) appeals from a judgment of the Law Division in an action in lieu of prerogative writs, *R.* 4:69. The trial court declared Section 3–9.3.2 of the Township's Ordinance No. 1325 to be invalid because pre-empted by State law insofar as it established different hours of solid waste collection than were provided in plaintiff's tariff approved by the Department of Environmental Protection. The matter was decided on cross-motions for summary judgment. We affirm.

The ordinance section under review provides:

Loading, unloading, opening, closing or other handling of doors, boxes, crates, containers, building materials, liquids, garbage cans, refuse or similar objects, or the pneumatic or pumped loading or unloading of bulk materials in liquid, gaseous,

powder or pellet form, or the compacting of refuse by persons engaged in the business of scavenging or garbage collection, whether private or municipal, shall not be allowed between the hours of 8:00 p.m. and 7:00 a.m. in the B–1 Village Business, B–2 Neighborhood Business, B–3 Historic Business and B–4 Liberty Corner Business zones.

In deciding the matter, Judge Arnold rendered an oral opinion in which he summarized the background:

Back in October 1994, the DEP approved the Uniform Tariff Application of Carmine Forgione & Sons, which is a New Jersey licensed solid waste hauler.

In its application, Forgione & Sons indicated that it provides garbage collection services in eight counties: Hunterdon, Middlesex, Morris, Passaic, Somerset, Sussex, Union and Warren.

[The tariff provides for the pick-up of] waste between the hours of 5:30 a.m. and four p.m. There's no specification for individual hours of operation for individual municipalities.

... [F]our years later, Bernards Township passes an ordinance number 1325.
* * *

Basically, what they do is they knock off garbage collection time in the neighborhood business, [village] business, historic [business] and Liberty Corner business zones. It's allegedly done on the basis of a noise problem.

More specifically, you can't start collecting the garbage until seven o'clock in the morning, as opposed to 5:30. * * *

The question is, can they do that? The cases that I know about, and the cases that have been cited to me have all supported the general proposition that this is a State regulated business from start to finish. *C.I.C. [Corp. v. Township of East Brunswick,* 266 *N.J.Super.* 1, 628 *A.2d* 753 (App.Div.1993), *aff'd o.b.* 135 *N.J.* 121, 638 *A.2d* 812 (1994) ] says here are the five factors to consider when evaluating a municipal ordinance.

First, whether the ordinance conflicts with State law, either because of conflicting policies, or operational effect. Respectfully, I conclude that it does. This is a State-regulated industry for a whole variety of reasons expressed with respect to the various Statutes.

Two, the State will intend to be exclusive in the field. Every case I've looked at so indicates. Three, does the subject matter indicate something uniform? It seems to this Court that it does. Bernards Township doesn't want the garbage hauler collecting between 5:30 in the morning and seven o'clock. Maybe the next township doesn't like another time.

How this affects operation at dumps is a matter of speculation. I don't know. But it's certainly not inconceivable that various municipalities would like their garbage collected at various times during the day. Don't do it during rush hour, there's too much traffic anyway. We haven't built any roads in 40 years, the citizens don't care to build roads in our township. Bring the garbage through between ten and eleven in the morning, and et cetera.

And the next factor, whether the State's scheme is so pervasive or comprehensive that it precludes coexistence of municipal regulation. I think it does. This is a highly regulated industry.

And whether the ordinance stands as an obstacle for the accomplishment of full purposes and objectives of the Legislature, respectfully, I think it does. This Court holds that the Bernards Township Ordinance fails all of these tests. It conflicts with the specific operational approval granted to Forgione & Sons.

State law governs in this area, among other things. The Solid Waste Management Act was intended to provide a comprehensive regulatory scheme. There's a need for uniformity. The ordinance is an obstacle to it, and it's an obstacle to the specific grant of authority granted to the hauler, and to the intent of the Solid Waste Management Act to centralize control.

... [T]here's not ... one [case cited], respectfully, that gives this Court the slightest inkling that this ordinance is valid, in light of all these factors.

I recognize it's a narrowly drawn ordinance, it just knocks an hour-and-a-half of garbage collection time off in the morning. And the basic argument of Bernards Township is: Judge, it's only an hour-and-a-half, you know, it's no big deal. That's what their papers say generally. It's not like the other cases where municipalities try to do a good deal more with respect to the operations of the hauler. And that's purely a matter of speculation. I think the hauler's arguments that these matters do not have minimal impact, is correct.

Therefore, Bernards Township's motion for summary judgment is denied. Plaintiff, Carmine Forgione & Sons' cross motion for summary judgment is granted.

■ We are in substantial agreement with Judge Arnold's reasoning. His understanding of principles of state pre-emption was correct, *see Overlook Terrace Mgmt. Corp. v. Rent Control Bd.,* 71 *N.J.* 451, 461–62, 366 *A.*2d 321 (1976), and his judgment in applying those concepts to the facts of this case was impeccable. The State agency with authority to administer the field has spoken with respect to the hours of solid waste collection. The Township may not impose a conflicting rule. *See C.I.C. Corp. v. Township of East Brunswick,* 266 *N.J.Super.* 1, 6–8, 628 *A.*2d 753 (App.Div. 1993), *aff'd o.b.,* 135 *N.J.* 121, 638 *A.*2d 812 (1994); *Mannie's Cigarette Service, Inc. v. Town of West New York,* 259 *N.J.Super.* 343, 348, 613 *A.*2d 494 (App.Div.1992).

■ This is not to deprecate the significance of the Township's interest in noise control and the quality of life within its borders. As important and legitimate as those concerns are as bases for invoking municipal police powers, however, they may not be promoted at the cost of interfering with plenary and uniform

control of a field of activity which, in the public interest, has been committed by law to the regulatory authority of the State. *Chester Twp. v. Panicucci,* 62 *N.J.* 94, 99–100, 299 *A.*2d 385 (1973); *State v. Ulesky,* 54 *N.J.* 26, 29, 252 *A.*2d 720 (1969); *Summer v. Teaneck Twp.,* 53 *N.J.* 548, 552–55, 251 *A.*2d 761 (1969).

■ Nothing prevents the Township, alone or in combination with other municipalities having a common interest, from seeking authority from the Legislature to regulate the hours of solid waste collection, at least to some extent; and we are aware of no impediment to the Township's right to be heard on the issue when the terms governing plaintiff's activities, *i.e.,* its tariff, are next considered. We hold only that the Township is not empowered unilaterally to substitute its judgment on matters of day-to-day operation for that of the State agency to whose authority and control the Legislature has delegated this highly regulated subject matter area.

Affirmed.